UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                v.                                                  5:08-CR-240
                                                                (FJS)

CHARLES VEJVODA, JR.,

                **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley Federal Building &<br>U.S. Courthouse<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>*Attorneys for the United States* | MICHAEL OLMSTED, AUSA |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>The Clinton Exchange, 3rd Floor<br>4 Clinton Square<br>Syracuse, New York 13202<br>*Attorneys for Defendant* | MELISSA A. TUOHEY, AFPD |

**SCULLIN, Senior Judge**

## ORDER

      On May 30, 2008, the Government filed a motion for a hearing to determine Defendant's mental competency pursuant to 18 U.S.C. § 4241(a). *See* Dkt. No. 8. The Government based its motion on Defendant's long history of addiction and mental illness, as well as his conduct when he was arrested and held in the Eastern District of New York. In a letter dated June 3, 2008, Defendant's counsel stated that her client did not oppose the Government's motion. *See* Dkt. No.

10. Based upon his observations of Defendant's behavior at his initial appearance, Defendant's history, the Government's motion, and Defendant's consent, Magistrate Judge DiBianco granted the motion. *See* Dkt. No. 11.

Defendant underwent a mental examination, pursuant to 18 U.S.C. § 4241(b), at the Metropolitan Correctional Center in New York City. On July 17, 2008, Psychologist Dr. Elissa Miller issued a report of her examination of Defendant. After receiving the report, Magistrate Judge DiBianco held a hearing to assess Defendant's competency pursuant to 18 U.S.C. § 4247(d). At the end of the hearing, Magistrate Judge DiBianco found that, based on Dr. Miller's testimony, her report, and Defendant's behavior in Court and at the detention facility, Defendant was not currently competent to stand trial. *See* Report-Recommendation at 8. He also noted that he based his finding primarily on Defendant's inability to assist properly in his defense. *See id.* Therefore, he recommended that this Court find Defendant incompetent to stand trial.[1] *See id.* at 9.

After reviewing the entire file in this matter and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's September 9, 2008 Report-Recommendation is **ADOPTED** in its entirety, including his finding that Defendant is incompetent to stand trial at this time, for the reasons stated therein; and the Court further

**ORDERS** that Defendant is entrusted to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility for a duration not to exceed four months to determine whether there is a substantial probability that, in the foreseeable

---

[1] The Government submitted a letter noting its agreement with Magistrate Judge DiBianco's recommendation. *See* Dkt. No. 15. Defendant did not file any papers in response to Magistrate Judge DiBianco's recommendation.

future, Defendant will attain the capacity to permit the proceedings to go forward; and the Court further

**ORDERS** that, at the conclusion of the above-ordered hospitalization and treatment period, the Attorney General shall return Defendant to the custody of the United States Marshal, who shall then bring Defendant back before the Court for re-examination of his competency pursuant to statute.

**IT IS SO ORDERED.**

Dated: October 3, 2008
       Syracuse, New York

                                                 Frederick J. Scullin, Jr.
                                                 Senior United States District Court Judge