UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES,

v.                                                                5:08-CR-240
                                                                  (GHL)

CHARLES VEJVODA, JR.,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. ANDREW T. BAXTER<br>Acting United States Attorney<br>Counsel for the United States<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, New York 13261-7198 | MICHAEL C. OLMSTED, ESQ.<br>Assistant United States Attorney |
| OFFICE OF J. SCOTT PORTER<br>Counsel for Defendant<br>One Park Place, Suite 624<br>300 South State Street<br>Syracuse, New York 13202 | J. SCOTT PORTER, ESQ. |

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

By Report-Recommendation dated September 9, 2008, Magistrate Judge Gustave J. DiBianco recommended that Defendant Charles Vejvoda, Jr., be found incompetent to stand trial. Dkt. No. 14.  By Order dated October 3, 2008, Senior District Judge Frederick J. Scullin, Jr. adopted the Report-Recommendation, and entrusted Defendant to the custody of the Attorney General, for hospitalization for treatment in a suitable facility.  Dkt. No. 19.  Familiarity with the aforementioned Report-Recommendation and Order is assumed.

Pursuant to Judge Scullin's Order, the Defendant was admitted to the Federal Medical

Center at Butner, North Carolina.  On December 31, 2008, the Complex Warden at the Medical Center issued a "Certificate of Restoration of Competency to Stand Trial" with respect to Defendant.  Dkt. No. 22.  In particular, the evaluation of Defendant conducted at the Medical Center found that he was "cooperative and polite during the interview," he "endorsed a stable mood with congruent effect," and his thinking was "organized and linear."  *Id.*, at 3.  The clinical team evaluating Defendant opined that "although [Defendant] does suffer from a mental disease, Bipolar Disorder, it currently does not prevent him from having a factual or rational understanding of the proceedings against him and he is capable of assisting an attorney in his defense."  *Id.*, at 6.  It was noted that "Mr. Vejvoda does not currently have a lawyer, but is motivated to obtain one.  He states his goal as, 'work with my next lawyer.'"  *Id.*, at 7.  The evaluation twice more observed that the Defendant "is capable of assisting his attorney in planning defense strategies and challenging witnesses" and "he is able to work with an attorney in his defense."  *Id.*  It was reported that the Defendant "can be expected to conduct himself appropriately in court."  *Id.*  Finally, and perhaps presciently, the evaluation noted that Defendant's "current competency status is contingent upon his compliance with psychotropic medication."  *Id.*, at 8.

Thereafter the Defendant was returned to this District for further legal proceedings.  Attorney J. Scott Porter was appointed to represent the Defendant.[1]  On March 2, 2009, Mr. Porter traveled to Binghamton to meet with the Defendant at the Broome County Correctional Facility.  The Defendant refused to meet with Mr. Porter, stating that "you're fucking fired" and that he was "representing himself."  Dkt. No. 23.

---

[1] The Defendant previously had terminated his relationship with his initial attorney, the Federal Public Defender.  *See* Dkt. No. 14, at 8.

Acting pursuant to 18 U.S.C. § 4241(e), this Court on March 12, 2009, conducted a hearing to determine the Defendant's competency. The hearing was conducted by videoconference. The Defendant attended at the U.S. District Court in Binghamton; the Court, defense counsel, and Government counsel attended at U.S. District Court in Syracuse. The proceeding was recorded, and the Defendant's appearance was videotaped.

At the hearing the Defendant was shackled, and the Marshal had placed a netting around his face, because he had been spitting. The evaluation report issued by the Medical Center at Butner noted that the Defendant was "HIV and Hepatitis C positive," and had a "history of biting and spitting at staff." Dkt. No. 22, at 4 and 3.

The videotape and recording of the hearing will speak for itself. The Defendant was out of control, and could not be controlled by the Court. He issued virtually non-stop rantings, consisting primarily of, to the extent they were understandable, profanities and threats. His conduct was the total antithesis of that described in the report issued by the Medical Center at Butner. Not surprisingly, the Government provided documentation from the Broome County Correctional Facility indicating that the Defendant had been refusing his medication. Government's Exhibit 1.

In short, this Court unequivocally finds that the Defendant is not currently competent to stand trial. In particular, and contrary to a fundamental conclusion set forth in the evaluation report issued by the Medical Center at Butner, the Defendant clearly is not capable of assisting an attorney in his defense.

Accordingly, it is

RECOMMENDED, that Defendant be found incompetent to stand trial; and it is further

RECOMMENDED, that the Defendant be entrusted to the custody of the Attorney General

pursuant to 18 U.S.C. § 4241(d), for hospitalization and treatment as provided for in that section; and it is further

ORDERED, that the United States Marshal serve Defendant with this Report-Recommendation and Order by delivering a copy to Defendant **personally**; and it is further

ORDERED, that if District Judge Scullin finds the Defendant to be incompetent and entrusts him to the custody of the Attorney General for hospitalization and treatment, the Clerk of the Court is to send a copy of the audio CD and the video CD to the facility to which the Defendant is sent, to be available to the professionals who evaluate and treat the Defendant.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 18, 2009
       Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge