UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                v.                                    5:08-CR-240
                                                        (FJS/GHL)

**CHARLES VEJVODA, JR.,**

                **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley U.S. Courthouse<br>& Federal Building<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **MICHAEL C. OLMSTED, AUSA** |
| **OFFICE OF J. SCOTT PORTER**<br>One Park Place, Suite 624<br>300 South State Street<br>Syracuse, New York 13202<br>Attorneys for Defendant | **J. SCOTT PORTER, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

      By Order dated October 3, 2008, this Court adopted Magistrate Judge DiBianco's September 9, 2008 Report-Recommendation in its entirety and entrusted Defendant "to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility for a duration not to exceed four months to determine whether there is a substantial probability that, in the foreseeable future, Defendant [would] attain the capacity to permit the proceedings to go forward . . . ." *See* Dkt. No. 19 at 2-3.

On December 31, 2008, the Complex Warden at the Medical Center issued a "Certificate of Restoration of Competency to Stand Trial" with respect to Defendant. *See* Dkt. No. 22. Thereafter, the United States Marshal returned Defendant to this District for further legal proceedings, and the Court appointed an attorney to represent him. Defendant, however, refused to meet with his appointed counsel and stated that he was representing himself. *See* Dkt. No. 23.

On March 12, 2009, Magistrate Judge Lowe held a hearing, pursuant to 18 U.S.C. § 4241(e), to determine Defendant's competency. Magistrate Judge Lowe conducted the hearing by videoconference, recorded the proceeding, and videotaped Defendant's appearance. *See* Report-Recommendation and Order dated March 18, 2009, at 3. At that hearing, Defendant was shackled, and the Marshal had placed netting around Defendant's face because he had been spitting. *See id.*

Magistrate Judge Lowe noted that, during the hearing, "Defendant was out of control . . . . He issued virtually non-stop rantings, consisting primarily of, to the extent they were understandable, profanities and threats." *See id.* Magistrate Judge Lowe also found that Defendant's "conduct was the total antithesis of that described in the report issued by the Medical Center at Butner . . . [and that] the Government provided documentation from the Broome County Correctional Facility indicating that the Defendant had been refusing his medication." *See id.* (citation omitted). Based on Defendant's behavior, Magistrate Judge Lowe concluded "unequivocally . . . that the Defendant [was] not currently competent to stand trial . . . [and] [i]n particular . . . [that] the Defendant clearly [was] not capable of assisting an attorney in his defense." *See id.* Therefore, Magistrate Judge Lowe recommended that the Court find Defendant incompetent to stand trial and that the Court entrust "Defendant to the custody of the

Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization and treatment as provided in that section . . . ." *See id.* at 3-4.

Defendant did not file any objections to Magistrate Judge Lowe's recommendations, and the Government submitted a letter stating that it concurred with Magistrate Judge Lowe's recommendations, *see* Dkt. No. 25.

After carefully reviewing the entire file in this matter, the Court hereby

**ORDERS** that Magistrate Judge Lowe's March 18, 2009 Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that, pursuant to 18 U.S.C. § 4241(d), Defendant is entrusted to the custody of the Attorney General, and the Attorney General shall hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed six months, because the Court finds that there is a substantial probability that, within that time, Defendant will attain the capacity to permit these proceedings to go forward; and the Court further

**ORDERS** that, at the end of that time, the Attorney General shall return Defendant to the custody of the United States Marshal, who shall promptly bring Defendant before the Court for re-examination of his competency to stand trial; and the Court further

**ORDERS** that the Clerk of the Court shall send a copy of the audio CD and the video CD of Magistrate Judge Lowe's March 12, 2009 videoconference hearing to the facility in which Defendant is hospitalized so that it is available to the professionals who will evaluate and treat Defendant; and the Court further

**ORDERS** that all of the time associated with the competency examination and treatment shall be excluded for purposes of any speedy trial computation in this matter; and the Court

further

  **ORDERS** that the United States Marshal shall serve Defendant with this Order by delivering a copy to Defendant **personally**.

**IT IS SO ORDERED.**

Dated: April 15, 2009
   Syracuse, New York

                               _____
                               Frederick J. Scullin, Jr.
                               Senior United States District Court Judge