UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES,

                                  5:08-CR-240 (FJS)

v.

CHARLES VEJVODA, JR.,

                       Defendant.

_____

APPEARANCES:                              OF COUNSEL:

HON. ANDREW T. BAXTER             JOHN G. DUNCAN, ESQ.
United States Attorney                 Assistant United States Attorney
Counsel for the United States
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

OFFICE OF J. SCOTT PORTER         J. SCOTT PORTER, ESQ.
Counsel for Defendant
One Park Place, Suite 624
300 South State Street
Syracuse, New York 13202

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      Defendant Charles Vejvoda, Jr., ("Defendant") twice has been found incompetent to stand

trial.  See Dkt. Nos. 14, 19, 24 and 27.  Familiarity with these proceedings is assumed.

      Pursuant to Senior Judge Scullin's Order of April 15, 2009 (Dkt. No. 27), the Defendant

again was admitted to the Federal Medical Center at Butner, North Carolina.  On September 24,

2009, the Acting Warden at the Medical Center issued a "Certificate of Restoration of Competency

to Stand Trial" with respect to Defendant.  See Court Exhibit A.  Thereafter the Defendant was

returned to this District, and on October 21, 2009, I held a hearing, pursuant to 18 U.S.C. § 4241(e)

and (d), to determine the competency of the Defendant. At the hearing I discussed with the

Defendant a variety of matters, including how he was feeling, whether he was taking his

medications, whether he would continue taking his medications, his comprehension of the charge

against him, his understanding of the roles to be played by Government counsel, his own attorney,

and the Court, his understanding of the consequences of the proceedings, whether he would work

with and assist his attorney in trial preparation, etc..

At the conclusion of the hearing I found by a preponderance of the evidence, based upon

Court Exhibit A and my own observations of and discussions with the Defendant, that he had

recovered to such an extent that he is able to understand the nature and consequences of the

proceedings against him and to assist properly in his defense.

Accordingly, it is

RECOMMENDED, that the Defendant be found competent to stand trial.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within

which to file written objections to the foregoing report. Such objections shall be filed with the

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of H.H.S.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a),

6(e), 72.

Dated: October 27, 2009
        Syracuse, New York

George H. Lowe
United States Magistrate Judge